**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**GREGORY TREHARNE,**

   *Plaintiff,*

**v.**                                    **Case No. 5:26-CV-01243-JKP**

**STATE FARM LLOYDS,**

   *Defendant.*

**O R D E R**

Before the Court is Defendant's Unopposed Motion to Transfer Venue Under 28 U.S.C. § 1404(a). *ECF No. 7*. The parties therein state their consent to such transfer pursuant to 28 U.S.C. § 1404(a), which permits district courts to transfer a civil action to any district "to which all parties have consented." The parties also agree that the transfer is "[f]or the convenience of parties and witnesses" and "in the interests of justice," as required by § 1404(a).

In the Motion, Defendant states:

> This case was properly removed to federal court, but it was removed to the incorrect district. While Plaintiff filed his Original Petition in the correct state court venue – the Judicial District Court of Lubbock County, Texas – State Farm inadvertently removed the case to the incorrect District Court. The Plaintiff resides in Lubbock, Texas and the property made the basis of the lawsuit is located in Lubbock, Texas.

> . . .

> This lawsuit involves a dispute over State Farm's handling of Plaintiff's insurance claim for damages allegedly caused by a plumbing event occurring on or about March 31, 2025, at Plaintiff's property located at 4706 28th Street, Lubbock, Texas 79410. On January 20, 2026, Plaintiff Gregory Treharne filed his Original Petition in the 237th Judicial District Court of Lubbock County, Texas under Cause No. DC-2026-CV-0081, captioned Gregory Treharne v. State Farm Lloyds.

. . .

Although this case has been properly removed to federal court, it has been removed to the wrong district. This action should have been removed to the Northern District of Texas, Lubbock Division. Venue is proper in such district because that is where Plaintiff resides, where the property made the basis of this lawsuit is situated, and it is within this district and division that a substantial part of the events or omissions giving rise to this claim occurred. Transferring this matter will be convenient for the parties and witnesses, as the majority of witnesses and evidence are located in the Northern District of Texas, Lubbock Division.

. . .

It is in the interest of justice to transfer this matter to the Northern District of Texas, Lubbock Division as that is the venue where the matter should have been removed. Additionally, transferring the case serves the interest of justice for the convenience of the parties and witnesses, and the property at issue in this lawsuit is located in Lubbock County, Texas.

. . .

State Farm's counsel has conferred with counsel for Plaintiff who has advised he is unopposed to the transfer of this case to the Northern District of Texas, Lubbock Division.

*Id.* at 1–2.

Consequently, having considered the Motion, the Court **GRANTS** the Motion, (*ECF No. 7*), and **TRANSFERS** this action to the United States District Court for the Northern District of Texas, Lubbock Division. **The Clerk of Court shall take the necessary steps to transfer this action in accordance with normal procedures.**

It is so ORDERED.
SIGNED this 8th day of April, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

2